## KELLOGG *v.* RESSE.

*(Supreme Court, General Term, First Department.*  May 18, 1888.)

1. ATTORNEY AND CLIENT—ACTION FOR PERSONAL SERVICES RENDERED MINOR—AGAINST WHOM MAINTAINABLE.

Defendant requested plaintiff, an attorney, to look after her affairs, naming them in a general way, together with the interests of a minor child, whose general guardian defendant was.  Much of the labor performed under this retainer was in behalf of the infant's interests.  *Held,* that plaintiff was entitled to recover from defendant not only for such services as he performed distinctively in her individual affairs, but also for those in relation to the infant's interests.

2. PLEADING—AMENDMENT—DEATH OF REFEREE PENDING MOTION FOR.

Application was made to the referee at the trial to amend the complaint so as to make it conform to the proof, which showed that the services sued for were worth more than alleged, and, pending the consideration of the motion, the referee died. Upon motion in the supreme court for a settlement of the case, a memorandum in the handwriting of the referee was shown, indicating that he had concluded to allow the amendment.  *Held,* that the court properly settled the case as if the amendment had been made.

Appeal from judgment on report of CHARLES P. MILLLER, Referee.

This was an action for legal services, brought by Luther L. Kellogg against Elizabeth W. Resse.  Defendant appeals from a judgment in favor of plaintiff entered upon a report of the referee, and also from an order of the court granting plaintiff an extra allowance of 5 per cent. upon the amount reported due; also from an order made upon the settlement of a proposed case on appeal, allowing an amendment thereto.

Argued before BARTLETT and MACOMBER, JJ.

*William G. Wilson,* for appellant.  *Arthur H. Smith,* for respondent.

MACOMBER, J.   The action is brought to recover for professional services of the plaintiff rendered to the defendant between July, 1881, and August, 1882.  The evidence before us is that only which was given in behalf of the plaintiff.   It establishes the referee's conclusions that the retainer by the defendant of the plaintiff's services was made both orally and in writing.   The letter of the defendant, which is in evidence, is a request that the plaintiff look after her affairs, naming them in a general way, together with that of a minor child.   Much of the labor performed under this retainer was, it is true, done in behalf of the interest of the infant, but the defendant herself was the general guardian of the infant, and there was nothing in the retainer, or in the communications between her and her attorney, limiting his right to charge her only for such services as he should perform distinctively in her individual affairs.   On the contrary, it abundantly appears that the plaintiff was employed by the defendant without restriction.   He has, therefore, a right to look for payment, not solely to the person actually benefited, but to the person who employed him.   The evidence establishing the value of the services of the plaintiff is not controverted, though the witnesses differ somewhat in their estimate of the value of different portions of the labor, yet there is the general concurrence among them that the services were worth substantially as much as the referee has found.   These are shown to have been $250 more than was claimed in the complaint.   Application was made to the referee at the trial to amend the complaint so as to conform it to the proof.   This was taken under advisement by the referee, and upon a motion at the special term for the settlement of the case, the referee having died before the case was settled, a memorandum was shown in the handwriting of the referee, which indicated that upon such further consideration he had concluded to allow the amendment.   The special term therefore very properly settled this part of the case according to the facts.   There is also before us an appeal from an order granting an additional allowance of costs.   No point has been made upon it by the appellant's counsel.   We have, however, looked into that branch of

the case, as well as the others, and are of the opinion that there was no abuse of the discretionary power in the special term in granting the additional allowance. The judgment and the orders appealed from should therefore be affirmed, with costs.

VAN BRUNT, P. J., takes no part. BARTLETT, J., concurs.